NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AT&T CORP.,<br><br>            Plaintiff,<br><br>      v.<br><br>AMERICAN RIDGE INSURANCE COMPANY; EMPLOYERS INSURANCE COMPANY OF WAUSAU; UNITED STATES FIRE INSURANCE COMPANY; ALLIANZ INSURANCE COMPANY; AXA CORPORATE SOLUTIONS INSURANCE COMPANY; CERTAIN UNDERWRITERS AT LLOYD'S. AND LONDON AND CERTAIN LONDON MARKET INSURANCE COMPANIES; COMMONWEALTH INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; ESSEX INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; GLOBAL EXCESS PARTNERS; INDUSTRIAL RISK INSURER; QBE INSURANCE CORPORATION (PARIS); SUMITOMO MARINE AND FIRE INSURANCE COMPANY OF AMERICA; XL INSURANCE (BERMUDA) LTD.; ZURICH AMERICAN INSURANCE COMPANY OF AMERICA;<br><br>            Defendants. | Civ. NO. 04-CV-3851(WGB)<br><br>O P I N I O N |

APPEARANCES:

Robert D. Chesler, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068-1791

     Attorney for Plaintiff.

William D. Wilson, Esq.
MOUND, COTTON & WOLLAN
60 Park Place
Newark, New Jersey 07102

-1-

David R. Rubin, Esq.
44 Bridge Street
P.O. Box 4579
Metuchen, New Jersey 08840

Daren S. McNally, Esq.
CONNELL FOLEY, LLP
85 Livingston Avenue
Roseland, New Jersey 07068

Sherly M. Schwartz, Esq.
HEROLD & HAINES, P.A.
25 Independence Boulevard
Warren, New Jersey 07059-6747

    Attorneys for Defendants.

BASSLER, DISTRICT JUDGE:

Pursuant to 28 U.S.C. § 1447(c), Plaintiff AT&T Corp. moves to remand this matter to the New Jersey Superior Court. Because the Court lacks subject matter jurisdiction over the dispute under 9 U.S.C. § 205, it grants Plaintiff's motion to remand.

I. BACKGROUND

Plaintiff AT&T Corp. originally brought this action in the New Jersey Superior Court, Middlesex County, on June 11, 2004. AT&T Corp. filed a Complaint against insurers and reinsurers for damages as a result of the attacks on September 11, 2001. AT&T Corp. alleged there was significant damage to property along with attendant loss of business income and sought recovery from its insurers and reinsurers. AT&T Corp. named the following as Defendants: Certain Underwriters at Llyod's London and Certain

-2-

London Market Insurance Companies; Global Excess Partners; QBE Insurance Corporation (Paris); and XL Insurance (Bermuda) Ltd. [referred to hereafter as "Foreign Reinsurers"]; Employers Insurance of Wausau and United States Fire Insurance Company [referred to hereafter as "Direct Insurers"]; Allianz Insurance Company; AXA Corporate Solutions Insurance Company; Commonwealth Insurance Company; Continental Casualty Company; Essex Insurance Company; Fireman's Fund Insurance Company; Industrial Risk Insurers; Sumitomo Marine and Fire Insurance Company of America; and Zurich American Insurance Company of America [referred to hereafter as "Domestic Reinsurers"].

On August 10, 2004, the Foreign Reinsurers, with the consent of the remaining Defendants, removed the action to this Court pursuant to the New York City Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201, *et seq*. Defendants relied upon 9 U.S.C. § 205, which allows a case in which "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention" to be removed to federal court.

Once the case was removed, Plaintiff AT&T Corp. filed an Amended Complaint on September 1, 2004. The Amended Complaint added American Ridge Insurance Company, a wholly-owned subsidiary of AT&T Corp., as a defendant and stated four causes of action. AT&T Corp. seeks a determination of its rights under three direct

insurance policies issues by Defendant American Ridge Insurance Company and the Direct Insurers as well as under a Claims Holding Agreement between AT&T Corp., Defendant American Ridge Insurance Company, the Foreign Reinsurers, and the Domestic Reinsurers.

Plaintiff AT&T Corp. now seeks to remand this case to the New Jersey Superior Court.  Plaintiff argues the Amended Complaint does not "relate to" any arbitration agreements between foreign parties and, therefore, removal under 9 U.S.C. § 205 is not appropriate.  Additionally, on November 14, 2005, the Court signed a stipulated dismissal with prejudice for the claims of Plaintiff AT&T Corp. against Defendants Certain Underwriters at Llyod's London and Certain London Market Insurance Companies; Employers Insurance of Wausau; Global Excess Partners; Industrial Risk Insurers; QBE International Insurance Ltd.; Liberty Mutual Insurance Europe Limited (formerly known as Liberty Mutual Insurance Company (UK) Ltd.); and XL Insurance (Bermuda) Ltd.  As a result of this dismissal, Plaintiff contends the basis for federal jurisdiction is eliminated since the remaining defendants are domestic insurers and reinsurers.

II. DISCUSSION

A. <u>Standard For Removal</u>

Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed only when the federal court would have had

original jurisdiction over the action. 28 U.S.C. § 1441(a). It is undisputed that Plaintiff's Amended Complaint does not state a federal claim for purposes of 28 U.S.C. § 1331. Defendants contend that this Court has jurisdiction pursuant to 9 U.S.C. § 205, which provides a federal court with jurisdiction over civil actions relating to arbitration agreements or awards involving foreign entities under the New York City Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").

The Convention only applies to foreign entities and does not apply to "an agreement or award arising out of such a relationship which is entirely between citizens of the United States." 9 U.S.C. § 202. In its entirety, 9 U.S.C. § 202 states:

> [a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section 2 of this title falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

This section of the statute "is intended to make it clear that an agreement or award arising out of a legal relationship exclusively between citizens of the United States is not enforceable under the

Convention in U.S. Courts unless it has a reasonable relation with a foreign state." Jones v. Sea Tow Services Freeport NY Inc., 30 F.3d 360, 365-66 (2nd Cir. 1994) (citing H.R.Rep. No. 1181, 91st Cong., 2d Sess. 2 (1970), reprinted in 1970 U.S.C.C.A.N. 3601, 3602.)

Plaintiff AT&T Corp. states that the dismissal with prejudice of all claims of all the foreign Defendants and the withdrawal of their arbitration demands eliminates the basis for federal jurisdiction on which the remaining Defendants relied when this action was removed to this Court.

B. Standards Governing Motion To Remand

Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The person asserting jurisdiction thus bears the burden of showing that the case is proper before the court at all stages of the litigation. Packard v. Provident Nat'l. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). Further, removal statutes are "to be strictly construed against removal and all doubts should be resolved in favor of remand." Angus v. Shiley, 989 F.2d 142, 145 (3d Cir. 1993).

Mindful that the removal statutes are generally construed strictly in favor of remand, the Court finds that Defendants have not proven that the Plaintiff's claims pass the jurisdictional

threshold, for the reasons set forth below.

C. <u>As a Result of the Dismissal of the Claims Against the Foreign Defendants, Plaintiff's Claims Do Not Meet the Requirements of 9 U.S.C. § 205</u>

Defendants removed, and oppose Plaintiff's motion to remand, by arguing that this Court has jurisdiction pursuant to 9 U.S.C. § 205 because several Defendants were foreign reinsurers. However, as of November 14, 2005, all of the foreign Defendants have been dismissed and the remaining Defendants are domestic companies. Since Defendant Foreign Reinsurers were the removing parties and subsequently have been dismissed from this action, this Court has no jurisdiction under 9 U.S.C. § 205 because the case no longer "relates to an arbitration agreement or award falling under the Convention."

Additionally, this Court retains no diversity jurisdiction because Plaintiff AT&T Corp. and Defendants United States Fire Insurance Company, AXA Corporate Solutions Insurance Company, Sumitomo Marine and Fire Insurance Company of America and Zurich American Insurance Company of America are all corporations organized under the laws of New York.

III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand is granted.

                                                   /S/ WILLIAM G. BASSLER
                                                   WILLIAM G. BASSLER, U.S.D.J.

Dated: 6 December 2005